IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLAS DeFOSSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:19-cv-695 |
| RUDEL FAMILY LIMITED | ) | |
| PARTNERSHIP d/b/a JACALA | ) | |
| RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, NICHOLAS DeFOSSETT, by and through the undersigned counsel, and files this, his Complaint against Defendant RUDEL FAMILY LIMITED PARTNERSHIP d/b/a JACALA RESTAURANT, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff NICHOLAS DeFOSSETT (hereinafter "Plaintiff") is, and has

been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas (Bexar County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.      Defendant RUDEL FAMILY LIMITED PARTNERSHIP d/b/a JACALA RESTAURANT (hereinafter "Rudel LP") is a Texas limited partnership that transacts business in the state of Texas and within this judicial district.

8.      Rudel LP may be properly served with process via its registered agent for service, to wit: Lucille Hooker, 12015 Bammel Street, San Antonio, Texas 78231.

## FACTUAL ALLEGATIONS

9.     On or about May 13, 2019, Plaintiff was a customer at "Jacala Mexican Restaurant" a business located at 606 West Avenue, Road, San Antonio, Texas 78201, referenced herein as the "Jacala."

10.     Rudel LP is the owner or co-owner of the real property and improvements that the Jacala is situated upon and that is the subject of this action, referenced herein as the "Property."

11.     Plaintiff lives approximately 8 miles from the Jacala and Property.

12.     Plaintiff's access to the business(es) located at 606 West Avenue, San Antonio, Bexar County Property Identification number 154975 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Jacala and Property, including those set forth in this Complaint.

13.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14.     Plaintiff intends to revisit the Jacala and Property to purchase goods and/or services.

3

15.     Plaintiff travelled to the Jacala and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Jacala and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Jacala and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

4

      (v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.     Congress explicitly stated that the purpose of the ADA was to:

      (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

      (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

             * * * * *

      (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.     The Jacala is a public accommodation and service establishment.

22.     The Property is a public accommodation and service establishment.

23.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25.     The Jacala must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Jacala and the Property in his capacity as a customer of the Jacala and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Jacala and Property that preclude and/or limit his access to the Jacala and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Jacala and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Jacala and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Jacala and Property that preclude and/or limit his access to the Jacala and

6

Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Jacala and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Jacala and Property, including those specifically set forth herein, and make the Jacala and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Jacala and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Jacala and Property include, but are not limited to:

(a)    **ACCESSIBLE ELEMENTS:**

(i) There are two accessible parking spaces that does not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to

7

access the accessible entrances of the Property.

(ii) Accessible parking spaces have a surface slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)    Accessible parking spaces have a cross-slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    There is at least one access aisle that has excessive vertical rise and is in violation of section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) The access aisle adjacent to the accessible parking spaces has a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)    Two accessible parking space signs are not at the proper height in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vii)    The required handrails on both sides of the accessible ramp on the

western side of the Property are only present on one side in violation of section 505.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)   The Property has an accessible ramp on the west side of the Property leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ix)    The Property has an accessible ramp on the east side of the Property leading from the accessible parking space to the accessible entrances with a slope exceeding 1:10 in violation of section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(x) The required handrails serving the accessible ramp on the eastern side of the Property are missing in violation of section 405.8 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xi)    There is an excessive vertical rise along the accessible ramp on the eastern side of the Property in violation of section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xii)   The bar in Jacala is lacking any portion of the counter that has a

maximum height of 34 (thirty-four) inches from the finished floor in violation of section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xiii)  Due to the presence of multiple stairs, with no nearby ramps, inside Jacala, the Property lacks an accessible route connecting all accessible elements and features inside the Property in violation of section 206.2.4 and 206.2.5 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xiv)  Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)    JACALA RESTROOMS:**

(i) The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards.  The sign is not properly located. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The door exiting the restroom lacks a proper minimum maneuvering clearance in violation of section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(v) The controls on the faucets require pinching and turning of the wrists in violation of section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vi)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)   The accessible toilet stall door is not self-closing and violates section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix)    The accessible toilet stall lacks the required size and turning clearance as required in section 604.8.1.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(x) The restrooms have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Jacala and Property.

33.    Plaintiff requires an inspection of Jacala and Property in order to determine all of the discriminatory conditions present at the Jacala and Property in violation of the ADA.

34.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.     All of the violations alleged herein are readily achievable to modify to

bring the Jacala and Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Jacala and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Jacala and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38.     Upon information and good faith belief, the Jacala and Property have been altered since 2010.

39.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Jacala and Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant

injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Jacala and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Rudel LP in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Jacala to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 14, 2019.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, GA 30067
Tele: (404) 805-2494
Fax: (678) 428-5356
Email: dennis@kurzlawgroup.com